IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASONITE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. _____ |
| CRAFTMASTER MANUFACTURING, INC. | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Masonite Corporation ("Masonite"), for its Complaint against CraftMaster Manufacturing, Inc. ("CMI"), hereby avers that:

## PARTIES

1. Masonite is a Delaware corporation having a place of business at 201 N. Franklin Street, Tampa, Florida 33602.

2. CMI is, upon information and belief, a Delaware corporation having a place of business at 500 W. Monroe St., Suite 2010, Chicago, Illinois 60661.

3. CMI makes, uses, sells and offers for sale in the United States interior doors (including molded wood fiber interior doors), exterior doors, and wood composite trim.

4. CMI makes, uses, sells and offers for sale in the United States an interior door under the name CROSSMORE.

## JURISDICTION AND VENUE

5. This action is based upon the Patent laws of the United States, 35 U.S.C. § 1 *et seq.*

6. This is a complaint for patent infringement and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over CMI by virtue of, *inter alia,* CMI's incorporation in Delaware, and CMI's systematic and continuous contacts with Delaware, including, on information and belief, sales of interior doors (including molded wood fiber interior doors), exterior doors, and wood composite trim to Delaware corporate citizens, and service of the Delaware market through the intended, regular and anticipated flow of such products from manufacture to distribution to retail sale in Delaware.

8. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PATENTS-IN-SUIT

9. On October 18, 2005, the United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. D510,771, titled "Door Facing" to Jason M. Walsh *et al* ("the '771 Patent"). The '771 Patent is in force. Masonite is the assignee of the '771 Patent and has the right to sue for infringement of the '771 Patent. A copy of the '771 Patent is attached as Exhibit A.

10. On August 8, 2006, the PTO duly and legally issued U.S. Patent No. D526,418, titled "Door Facing" to Jason M. Walsh *et al* ("the '418 Patent"). The '418 Patent is in force. Masonite is the assignee of the '418 Patent and has the right to sue for infringement of the '418 Patent. A copy of the '418 Patent is attached as Exhibit B.

11. On March 8, 2011, the PTO issued an Ex Parte Reexamination Certificate reaffirming the patentability of the '418 Patent. A copy of the Ex Parte Reexamination Certificate is attached as Exhibit C.

## COUNT I
### (Infringement of the '771 Patent)

12. Paragraphs 1-11 are incorporated herein by reference.

13. CMI has infringed the '771 Patent by making, using, selling and offering to sell doors and door facings in the United States, including at least the CROSSMORE door.

14. Masonite has given CMI notice of its infringement of the '771 Patent.

15. Upon information and belief, CMI's infringement of the '771 Patent has been willful.

16. Masonite has been damaged by CMI's infringement of the '771 Patent.

17. Masonite will be irreparably harmed unless and until this Court enjoins CMI's infringement of the '771 Patent.

## COUNT II
### (Infringement of the '418 Patent)

18. Paragraphs 1-11 are incorporated herein by reference.

19. CMI has infringed the '418 Patent by making, using, selling and offering to sell doors and door facings in the United States, including at least the CROSSMORE door.

20. Masonite has given CMI notice of its infringement of the '418 Patent.

21. Upon information and belief, CMI's infringement of the '418 Patent has been willful.

22. Masonite has been damaged by CMI's infringement of the '418 Patent.

23. Masonite will be irreparably harmed unless and until this Court enjoins CMI's infringement of the '418 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Masonite prays for judgment as follows:

A. That CMI has infringed the '771 Patent;

B. That CMI has infringed the '418 Patent;

C. That CMI, its officers, agents, servants and employees, and those in active concert or participation with any of them, be preliminarily and permanently enjoined from infringement of the '771 Patent;

D. That CMI, its officers, agents, servants and employees, and those in active concert or participation with any of them, be preliminarily and permanently enjoined from infringement of the '418 Patent;

E. That CMI's infringement has been willful;

F. That Masonite be awarded damages adequate to compensate it for CMI's infringement of the '771 Patent and the '418 patent, such damages to be determined by a jury and, if necessary to adequately compensate Masonite for the infringement, an accounting, and that such damages be trebled and awarded to Masonite with prejudgment interest;

G. That Masonite be awarded CMI's total profit for infringement of the '771 Patent and the '418 patent pursuant to 35 U.S.C. § 289;

H. That this case is exceptional under 35 U.S.C. § 285;

I. That Masonite be awarded the attorney fees, costs and expenses that it incurs prosecuting this action; and

J. That Masonite be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Masonite demands a trial by jury pursuant to Rule 38, Fed. R. Civ. P.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Masonite Corporation*

OF COUNSEL:

Joseph W. Berenato, III
David S. Taylor
Matthew W. Stavish
BERENATO & WHITE, LLC
6550 Rock Spring Drive, Suite 240
Betheseda, MD 20817
(301) 896-0600

August 10, 2012
6205294.1